IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JACK CROSIER, JR.,

    Petitioner,

v.                                                     Civil Action No.: JKB-24-1677

STATE OF MARYLAND,

    Respondent.

**MEMORANDUM**

Self-represented Petitioner Jack Crosier, Jr. filed the above-captioned Petition for Writ of Habeas Corpus on June 7, 2024, along with a Motion to Proceed in Forma Pauperis (ECF No. 2), which shall be granted. However, for the reasons that follow, the Petition must be dismissed.

Petitioner states that he is currently confined at the Metropolitan Transition Center pursuant to Maryland criminal proceedings in Case No. C-24-CR-24-000115 in which he is charged with possession with the intent to distribute, driving without current tags, and operating an unregistered motor vehicle. (ECF No. 1 at 1.) He states that he was arrested on April 19, 2024, and no bail was set at the time because he had multiple pending cases. (*Id.* at 2.) Petitioner asserts he should be released on his own recognizance because he has no more pending cases and there was a lack of probable cause for his arrest. (*Id.*) Petitioner requests that this Court "amend the condition of release" so that he be released on his own recognizance. (*Id.* at 3.)

The Court construes the Petition as a request for mandamus relief. Under 28 U.S.C. § 1361, the federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. However, this federal district court has no mandamus jurisdiction over State

employees, such as the Maryland state court judge presiding over Petitioner's pending criminal case. *Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969). Additionally, a writ of mandamus is an extraordinary writ that is only available in cases where no other means by which the relief sought could be granted. *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987) (mandamus is only available if plaintiff has no other adequate means to attain relief); *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380 (2004) (discussing appellate court jurisdiction to issue mandamus to enforce District Court judgment). As such, this Court does not have jurisdiction to grant Petitioner the relief he seeks and his Petition must be dismissed.

Dated this 22 day of July, 2024.

FOR THE COURT:

_____
James K. Bredar
United States District Judge